**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ZHICHENG ZHONG, | No. 14-73319 |
| Petitioner, | Agency No. A099-900-074 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Zhicheng Zhong, a native and citizen of China, petitions pro se for review of

a decision by the Board of Immigration Appeals ("BIA") affirming the

immigration judge's ("IJ") denial of his applications for asylum, withholding of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review adverse credibility findings for substantial evidence, and must uphold them unless the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011). Under the REAL ID Act, any falsehoods, inconsistencies, inaccuracies, or omissions of detail in an applicant's statements can support an adverse credibility finding, regardless of whether they go to the heart of the applicant's claim. *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010); 8 U.S.C. § 1158(b)(1)(B)(iii) (authorizing agency to base an adverse credibility finding on the "totality of the circumstances" and "all relevant factors").

Here, substantial evidence supports the agency's adverse credibility determination based on the following: (i) Zhong's misrepresentation regarding his educational attainment, *see Singh*, 643 F.3d at 1181 (an applicant's choice "to lie to immigration authorities . . . always counts as substantial evidence supporting an adverse credibility finding"); (ii) internal inconsistencies in his testimony for which he failed to provide "reasonable and plausible" explanations, *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (citation omitted); (iii) discrepancies between Zhong's written statement in support of his asylum application and his testimony, notwithstanding the opportunity he had to review and amend the former, *see*

*Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009) (upholding credibility

determination where applicant, *inter alia*, "passed up opportunities to correct

[prior] misstatements"); and (iv) Zhong's failure to mention in his asylum

application "alleged police misconduct that would have supported his applications

for relief," *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (quotation

marks omitted).[1]  Absent credible testimony, Zhong's asylum and withholding

claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).[2]

The BIA's adverse credibility determination "does not, by itself, necessarily

defeat" a CAT claim.  *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

Rather, "all evidence relevant to the possibility of future torture shall be

considered."  8 C.F.R. § 1208.16(c)(3).  However, if a petitioner's testimony is

---

[1] We need not address the remaining grounds cited by the agency in support of its adverse credibility finding.  *See Rizk*, 629 F.3d at 1088 ("[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence.").

[2] Because we have already found that substantial evidence supports the agency's adverse credibility determination, we need not reach Zhong's contention that the agency erred in basing its adverse credibility determination, in part, on Zhong's failure to provide corroborative evidence that was "not easy or even reasonably easy to obtain."  *See Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014) (explaining that when the agency's "reasons for finding an asylum applicant not credible are *not* supported by substantial evidence, the applicant, being '*otherwise credible*,' is entitled to notice that he needs to produce corroborative evidence and an opportunity to either produce the evidence or explain why it is unavailable" (quoting 8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added)).

discredited, he must substantiate his claims with independent corroborating evidence. *See Garcia*, 749 F.3d at 792.

Zhong seeks to corroborate his CAT claim with country condition reports about China. However, these reports, which focus on generalized violence in China, do not show that Zhong is specifically "more likely than not" to be tortured if he returns. 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the denial of CAT relief. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (finding "discredited testimony and general reports indicating that torture occurs" in petitioner's home country insufficient to "compel the conclusion that [petitioner] would be tortured if returned").

**PETITION FOR REVIEW DENIED.**